(60 South. 615.)

No. 19,411.

BOWERS v. KANSAS CITY SOUTHERN RY. CO.

(Jan. 6, 1913.)

*(Syllabus by the Court.)*

1. EVIDENCE (§ 598*) — PREPONDERANCE — WHAT CONSTITUTES.

In a suit for damages plaintiff sustains the burden of proof by a preponderance of evidence, where his own testimony is corroborated on material points by a disinterested witness, and defendant introduces only one witness to contradict the testimony of plaintiff.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2450–2452; Dec. Dig. § 598.*]

*(Additional Syllabus by Editorial Staff.)*

2. DAMAGES (§ 131*)—PERSONAL INJURIES—EXCESSIVE VERDICT.

Plaintiff was pushed from a moving train by a brakeman while trying to board it. He sustained a sprained wrist, which he carried in a bandage for a week, after which he recovered; and at the trial, four months afterwards, he testified that his elbow, shoulder, and back hurt him, and that he suffered anguish of mind at the time because of fear that he would be sucked under the train. His testimony as to his injuries was unsupported, except as to the sprained wrist, which was examined and bandaged by a physician, who was a witness for defendant; and within a week after the injury he was able to resume his labors as a helper on an oil rig, which required the exercise of great bodily strength. *Held*, that a verdict allowing plaintiff $3,000.00 is excessive, and should be reduced to $500.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370, 371; Dec. Dig. § 131.*]

3. CARRIERS (§ 382*)—INJURY TO PASSENGER—EXEMPLARY DAMAGES.

Plaintiff alighted from one of defendant's trains at M. on business, and when he attempted to board the train again while it was stationary his way was blocked by the brakeman, who refused to permit him to get aboard, and finally, as the train was moving, shoved him off, resulting in the injuries complained of, because the brakeman believed erroneously that plaintiff had no ticket. *Held*, that such facts do not give rise to the right to an allowance for exemplary damages.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1478, 1483–1491; Dec. Dig. § 382.*]

Appeal from First Judicial District Court, Parish of Caddo; Edgar W. Sutherlin, Judge.

Action by J. T. Bowers against the Kansas City Southern Railway Company. Judgment for plaintiff, and defendant appeals. Plaintiff answered, praying for an increase of the verdict. Damages reduced, and judgment affirmed.

Alexander & Wilkinson, of Shreveport, for appellant. Joseph H. Levy, of Shreveport, for appellee.

SOMMERVILLE, J. This is a personal injury suit wherein plaintiff claims actual and exemplary damages in the sum of $10,-000 for injuries resulting from a fall from one of defendant's trains while it was leaving the station at Mooringsport in this state.

There was a verdict and judgment in favor of plaintiff and against defendant for $3,000, and defendant has appealed. Plaintiff has answered the appeal, and asks that the judgment be increased to $10,000.

[1] Plaintiff testified that he alighted from the train at Mooringsport on business, and that he attempted to board the train again while it was stationary, saying to the brakeman that he wanted to go to Shreveport, but that his way was blocked by the brakeman, all of which the latter denies. He also testifies that when the brakeman boarded the car to leave Mooringsport he (plaintiff) followed, and was butted off the car by the brakeman, who was on the second step; that the car was moving slowly; and that he again grabbed both handholds and succeeded in getting on the car a second time, when the brakeman told him he had no ticket and to get off, and he shoved his right hand, so that plaintiff let go, and fell and was injured.

Plaintiff had a ticket, and in most respects the testimony of plaintiff is corroborated by Mr. J. F. Ivey, the mayor of Mooringsport, who was at the station at the time of the occurrence, and who testified as a witness. He saw the brakeman on the step blocking the way of plaintiff while the latter was trying to board the slowly moving train; but he did not see the brakeman push the plaintiff off. He testifies to the conversation about the ticket, and that he saw plaintiff fall.

The brakeman also testified and contradicted almost everything sworn to by plaintiff. But he was a very unsatisfactory witness. His manner of answering questions propounded to him must have impressed the jurors unfavorably. Besides, he contradicted himself several times during his examination; and he was contradicted in several essential particulars by the witness Mayor Ivey.

The preponderance of evidence is with plaintiff. He has shown that his fall and injury were due to the fault of defendant's employé, and he is entitled to judgment.

Plaintiff testified that he had suffered terribly, and that he had his wrist sprained and carried it in a bandage for a week, after which time it was all right; that at the time of the trial, some four months after the accident, his elbow, shoulder, and back still hurt him, as results from the fall. He also testified that he suffered great anguish of mind at the time of the accident, being fearful that he might be sucked under the train.

Plaintiff's testimony about his injuries and suffering is unsupported, except as to the sprained wrist, which was examined and bandaged by Dr. Sims, witness for defendant.

Plaintiff's testimony that he was bruised and sore by the fall cannot be doubted. But the sprained wrist was restored to good condition within a week; and he was able to resume his labors as a helper on an oil rig, which occupation required the exercise of great bodily strength, some time before the trial of the case.

[2] The injuries were comparatively slight, and the verdict of the jury is excessive.

[3] Plaintiff sued for both actual and exemplary damages, and the jury doubtless awarded a verdict for both. But this is not a case in which exemplary damages can be awarded against this defendant. The judgment must be limited to actual damages suffered.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be

amended by reducing the amount thereof from $3,000 to $500, and as thus amended it be affirmed; plaintiff to pay costs of appeal.